**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL McCRAY,
                Plaintiff,

   v.                                    No. 07-CV-415
                                              (NAM/DRH)

BRIAN SMITH, Correction Sergeant, Greene
Correctional Facility; E. BENDELL,
Correction Officer, Greene Correctional
Facility; DONALD BASEN, Correction Officer,
Greene Correctional Facility; JOSEPH DAVID,
Superintendent, Greene Correctional Facility;
and BRIAN FISCHER, Commissioner;

                Defendants.

---

**APPEARANCES:**                          **OF COUNSEL:**

MICHAEL McCRAY
Plaintiff Pro Se
2034 Gleason Avenue
Apartment 1
Bronx, New York 10472

HON. ANDREW M. CUOMO            JUSTIN C. LEVIN, ESQ.
Attorney General for the               Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Michael McCray ("McCray"), formerly an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

U.S.C. § 1983 alleging that defendants, five DOCS employees, violated his constitutional rights under the Eighth Amendment. Am. Compl. (Docket No. 7). Presently pending is defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Docket No. 42.[2] McCray has not responded to the motion. For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

### A. Failure to Respond

McCray did not oppose defendants' motion. "Summary judgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Defendants provided such notice in their Notice of Motion here. Docket No. 42-1-1. Despite this notice, McCray failed to respond.[3] "The fact that there has been no response to a summary judgment motion does not ... mean that the motion is to be granted automatically." Champion, 76 F.3d at 436. Even in the absence of a response, defendants are entitled to summary judgment only if the material facts demonstrate their entitlement to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c). Because McCray has not responded to raise any question of material fact, the facts asserted by defendants in

---

[2]Defendants filed a motion for judgment on the pleadings, but submitted affidavits and documents in support. As discussed infra, the Court will convert the motion to one for summary judgment pursuant to Fed. R. Civ. P. 56. See subsection II(A) infra.

[3]The motion was filed on November 26, 2008. Docket No. 42. When McCray did not respond, an order was entered sua sponte extending the deadline for McCray to respond to February 17, 2009. Docket No. 43.

supporting affidavits are accepted as true.  Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y.1997).

### B. Statement of Facts

On July 26, 2005, McCray was assaulted by five or six inmates while incarcerated at Greene Correctional Facility.  Am.Compl. 6.  Defendant Bendall, a corrections officer, observed the confrontation, left his post to go to the bathroom while the altercation progressed, and returned to find McCray suffering from serious injuries.  Id.  Bendall called defendant Basen, another corrections officer, to assist him with transporting McCray out of the area.  Id.  Once McCray was outside the cell area, defendant Smith, a corrections sergeant,  and two other unnamed officers handcuffed McCray before Bendall and Basen began slamming McCray's face into a brick wall as Smith looked on.  Id. 6.  This assault resulted in a broken jaw, facial disfigurement, chronic pain, dizziness, disorientation, light-headedness, blind spots, headaches, depression, and emotional distress.  Id.

McCray filed a complaint with DOCS headquarters in Albany.  Am. Compl. 4(B)(I).  His attempts to file grievances, however, were denied as untimely when McCray was unable to file the grievances sooner due to a lengthy recuperation and his transfer to another correctional facility.  Am. Compl. (B)(II).  This action followed.

DOCS records reflect the following.  From July 14 until August 26, 2005, there is "no record or other indication that Mr. McCray filed any grievances regarding the allegations described in [his complaint] . . . In fact, there is no record or other indication that Mr. McCray filed any grievances, or letters of complaint, while at Greene.  Janiec Decl. (Docket No. 42-5) ¶¶ 5.  Additionally, McCray failed to appeal any grievances related to the present

3

matter to CORC while he was incarcerated.  Bellamy Decl. (Docket No. 42-4 at 1-2); Docket No. 42-4 at 3.  From October 2005, when McCray filed his first grievance appeal until September 2009, McCray filed fifty-two appeals to CORC.  Docket No. 42-4 at 3.

## II.  Discussion

In his amended complaint, McCray alleges that Bendall and Basen used excessive force against him and that Bendall and Smith failed to intervene to protect him in violation of his Eighth Amendment rights.  Defendants move for judgment on McCray's failure to exhaust his administrative remedies.

### A. Legal Standard

At the close of the pleadings, a request for dismissal for failure to state a claim may be brought as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  See generally Maggette v. Dalsheim, 709 F.2d 800, 801 (2d Cir. 1983)).  "The test for evaluating a 12(c) motion is the same as that applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998); Burke v. New York, 25 F. Supp. 2d 97, 99 (N.D.N.Y. 1998) (Munson, J.).  On a motion under Rule 12(c), a determination must be made based solely on the allegations of the complaint and answer and any documents necessarily incorporated therein by reference.  See Ccleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006).

Defendants have submitted various documents outside the pleadings in support of their motion.  Those documents have been considered by the Court.  Thus, defendants' motion

must be converted to one for summary judgment. Cleveland, 448 F.3d at 521 ("A court may indeed convert a motion for judgment on the pleadings into a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court.") (internal quotation marks and citation omitted).

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks dismissal or summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Sealed Plaintiff v. Sealed Defendant

5

#1, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally.'" (citations omitted)).  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.

### B. Failure to Exhaust

Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies prior to bringing any suits challenging prison conditions, including federal civil rights cases.  Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006).  This exhaustion requirement applies to all prison condition claims.  Porter, 534 U.S. at 532.  "[A]ny deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement."  Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999). The exhaustion requirement also applies even if the administrative grievance process does not provide for all the relief requested by the inmate.  Nussle, 534 U.S. at 524.

While the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply."  Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)).  Exhaustion for an inmate in DOCS custody is generally achieved through the IGP.  See N.Y. Comp. Codes R. & Regs. tit. 7, § 701.1 et seq. (2001).  However, when inmates fail to follow the IGP, a court must conduct a three-part inquiry to determine if such failure is fatal to their claims.  A court

must consider whether

> (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement.

Ruggiero, 467 F.3d at 175 (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)).

Administrative remedies are unavailable when there is no "possibility of [] relief for the action complained of." Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (citing Booth v. Churner, 532 U.S. 731, 738 (2001)). The test to determine the availability of an administrative remedy is an objective one asking whether "a similarly situated individual of ordinary firmness" would have deemed it accessible. Id. at 688. Courts have found unavailability "where plaintiff is unaware of the grievance procedures or did not understand it or where defendants' behavior prevents plaintiff from seeking administrative remedies." Hargrove v. Riley, No. CV-04-4587 (DST), 2007 WL 389003, at *8 (E.D.N.Y. 2007) (internal citations omitted).

Here, McCray was undeniably familiar with the grievance program and its appeals procedures having filed multiple grievances and fifty-five appeals. Docket No. 42-4 at 3. McCray began filing appeals shortly after the incident at issue in this case. McCray acknowledges his understanding of the grievance process. but claims here that he attempted to file a grievance not at Greene where the incident occurred but to DOCS officials at headquarters in Albany. There is no dispute, however, that McCray failed to appeal the denial of his grievances as required by the IGP. This failure is fatal to his claim. See Boddie v. Bradley, 228 Fed. Appx. 5, 1 (2d Cir. 2006).

McCray contends, however, that his injuries prevented him from submitting timely

7

grievances and appeals.  However, there is nothing in the record that indicates that McCray's alleged injuries rendered him unable to write, request paper, utilize the inmate library, or seek assistance from the inmate law clerks and librarian during the time he was convalescing at Greene.   Since the record is devoid of any allegations or indications excusing his failure to exhaust his administrative remedies, the exception for inability to file or appeal a grievance is inapplicable.  Accordingly, McCray has failed to comply with the mandatory exhaustion requirements under the PLRA.

Therefore, defendants' motion for summary judgment should be granted.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that converting defendants' motion to one for summary judgment (Docket No. 42), that motion be **GRANTED** and that judgment be granted to all defendants as to all claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 3, 2009
       Albany, New York

_David R. Homer_
United States Magistrate Judge